CHAD A. READLER
Acting Assistant Attorney General
BRETT A. SHUMATE
Deputy Assistant Attorney General
JOHN R. GRIFFITHS
Director, Federal Programs Branch
JOSHUA E. GARDNER
CARLOTTA P. WELLS
Assistant Directors, Federal Programs Branch
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Tel.: (202) 514-1903
Email: carol.federighi@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF SAN JOSE and BLACK ALLIANCE FOR JUST IMMIGRATION, | Civil Action No. 3:18-cv-02279-RS |
| Plaintiffs, | **DEFENDANTS' ANSWER TO COMPLAINT** |
| v. | |
| WILBUR L. ROSS, JR., *et al.*, | |
| Defendants. | |

Defendants Wilbur L. Ross, Jr., in his official capacity as Secretary of Commerce, the United States Department of Commerce, Ron S. Jarmin, in his capacity as performing the non-exclusive functions and duties of the Director of the United States Census Bureau, and the United States

Census Bureau (collectively, "Defendants") answer each numbered paragraph of Plaintiffs' Complaint (ECF No. 1) as follows:

1.      The allegations in the first and second sentences of paragraph 1 consist of Plaintiffs' characterizations of the present lawsuit and Plaintiffs' legal conclusions, to which no response is required, but, to the extent a response is required, deny.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph but, to the extent a response is required, Defendants deny the remaining allegations.

2.      Paragraph 2 consists of Plaintiffs' characterization of the U.S. Constitution and the cited judicial decisions, and Plaintiffs' legal conclusions, to which no response is required.

3.      Admit.

4.      Paragraph 4 consists of Plaintiffs' characterization of the cited statutes and legal conclusions, to which no response is required.

5.      Defendants deny the first sentence of paragraph 5, except to admit that the decennial census short-form questionnaire last asked a citizenship question in 1950.  Defendants admit that, in the referenced March 2017 report to Congress, none of the proposed topics for the 2020 Census related to citizenship or immigration status but deny Plaintiffs' characterization of the March 2017 report as "[c]onsistent with modern practice."

6.      Defendants admit that on December 12, 2017 the United States Department of Justice ("DOJ") sent the referenced letter to the U.S. Census Bureau requesting that a citizenship question be included on the 2020 decennial census questionnaire.  The remaining allegations of paragraph 6 consist of Plaintiffs' characterization of this letter, which speaks for itself and to which no response is required.  The Court is respectfully referred to the cited letter itself, Exhibit 1 to Plaintiffs' Complaint, for a complete and accurate statement of its contents.  Defendants deny any allegations of this paragraph not consistent with the letter.

7.      Defendants admit Secretary Ross sent the referenced memorandum to Karen Dunn Kelley directing reinstatement of a citizenship question on the 2020 decennial census questionnaire. The remaining allegations of paragraph 7 consist of Plaintiffs' characterization of this memorandum, which speaks for itself and to which no response is required.  The Court is respectfully referred to

1

the cited memorandum, Exhibit 2 to Plaintiffs' Complaint, for a complete and accurate statement of its contents.   Defendants deny any allegations of this paragraph not consistent with the memorandum.

8.   The first sentence of paragraph 8 consists of Plaintiffs' legal conclusions, to which no response is required, but, to the extent a response is required, deny.  Defendants deny the remaining allegations of this paragraph.

9.   Paragraph 9 consists of Plaintiffs' characterization of the proposed citizenship question for the 2020 decennial census questionnaire, which speaks for itself and to which no response is required but, to the extent a response is required, admit.

10.   Defendants deny the first and second sentences of paragraph 10.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence, because Plaintiffs do not identify the "numerous studies" they reference, but, to the extent a response is required, Defendants deny this sentence.  The last two sentences of this paragraph consist of Plaintiffs' characterization of the cited legal brief, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited brief for a complete and accurate statement of its contents and deny any allegations of these sentences inconsistent with the brief.

11.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 11 but, to the extent a response is required, Defendants deny these allegations.  Defendants admit the second sentence of this paragraph, except to deny that the referenced funding is determined solely "based on population as determined by the Census."

12.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 but, to the extent a response is required, deny.

13.   Paragraph 13 consists of Plaintiffs' characterization of the relief they seek through this lawsuit, to which no response is required.

14. Paragraph 14 consists of Plaintiffs' legal conclusions regarding jurisdiction, to which no response is required but, to the extent a response is required, Defendants deny that this Court has jurisdiction.

15. Paragraph 15 consists of Plaintiffs' legal conclusions, to which no response is required, but, to the extent a response is required, deny.

16. Paragraph 16 consists of Plaintiffs' legal conclusions regarding venue, to which no response is required.

17. Paragraph 17 consists of Plaintiffs' legal conclusions regarding intradistrict assignment under the local rules, to which no response is required, but, to the extent a response is required, admit.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. The allegations in paragraph 19 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

20. The first sentence of paragraph 20 consists of Plaintiffs' characterization of this lawsuit, of the City of San Jose's legal status, and of the cited judicial decision, to which no response is required. Defendants deny the second and fourth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. The allegations in paragraph 23 contain Plaintiffs' legal conclusions, to which no response is required. To the extent this paragraph also contains factual allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent a response is required, Defendants deny the allegations of this paragraph.

24.     Defendants admit that Defendant Wilbur L. Ross, Jr., is the United States Secretary of Commerce and the head of the United States Department of Commerce, which includes the United States Census Bureau.  The remaining allegations of this paragraph consist of Plaintiffs' characterization of Secretary Ross's legal authority and of this lawsuit, to which no response is required.

25.     Admit.

26.     Admit, except as to Plaintiffs' characterization of the capacity in which Dr. Jarmin is sued, to which no response is required.

27.     Admit.

28.     The allegations in paragraph 28 consist of Plaintiffs' characterizations of the U.S. Constitution and legal conclusions, to which no response is required.

29.     The allegations in paragraph 29 consist of Plaintiffs' characterizations of the cited statutory provision and judicial decision and Plaintiffs' legal conclusions, to which no response is required.

30.     The allegations in paragraph 30 consist of Plaintiffs' characterizations of the cited statutory provisions and legal conclusions, to which no response is required.

31.     Defendants deny the allegations of the first sentence of paragraph 31.  The remaining allegations consist of Plaintiffs' characterizations of the cited statutory provision and legal conclusions, to which no response is required.

32.     Defendants admit the first sentence of paragraph 32, as far as the fact that it is public knowledge that Census Bureau data is used by Congress, the states, and other members of the public for many purposes.  The remaining allegations in this paragraph consist of Plaintiffs' legal conclusions, to which no response is required.

33.     Admit.

34.     Deny, except to admit that the decennial census short-form questionnaire last asked a citizenship question in 1950.

35.     Admit.

36.     Admit.

37.     Defendants admit that, in the referenced March 2017 report to Congress, none of the proposed topics for the 2020 Census related to citizenship or immigration status.

38.     The allegations in paragraph 38 consist of Plaintiffs' characterization of the footnoted publication, which speaks for itself and to which no response is required.  The Court is respectfully referred to the cited publication for a complete and accurate statement of its contents, and Defendants deny any allegations of this paragraph inconsistent with the publication.

39.     To the extent that the allegations in paragraph 39 consist of Plaintiffs' characterization of the cited *2020 Census Operation Plan*, the operational plan speaks for itself and no response is required.  The Court is respectfully referred to the cited publication for a complete and accurate statement of its contents, and Defendants deny any allegations inconsistent with the publication.  The remaining allegations consist of Plaintiffs' legal conclusions, to which no response is required.

40.     The allegations in paragraph 40 consist of Plaintiffs' characterization of the footnoted publication, which speaks for itself, and Plaintiffs' legal conclusions, to which no response is required.  The Court is respectfully referred to the cited publication for a complete and accurate statement of its contents, and Defendants deny any allegations of this paragraph inconsistent with the publication.

41.     The allegations in paragraph 41 consist of Plaintiffs' characterization of the footnoted publication, which speaks for itself and to which no response is required.  The Court is respectfully referred to the cited publication for a complete and accurate statement of its contents, and Defendants deny any allegations of this paragraph inconsistent with the publication.

42.     The allegations in paragraph 42 consist of Plaintiffs' characterization of the footnoted publications, which speak for themselves and to which no response is required.  The Court is respectfully referred to the cited publications for a complete and accurate statement of their contents, and Defendants deny any allegations of this paragraph inconsistent with the publications.

43.     Admit to the extent that such information has been made public.  *See, e.g.*, https://www.census.gov/programs-surveys/decennial-census/2020-census/research-testing/testing-activities/2014-census-test/questions.html.

44.     The allegations in paragraph 44 consist of Plaintiffs' characterization of the footnoted publications, which speak for themselves and to which no response is required.  The Court is

5

respectfully referred to the cited publications for a complete and accurate statement of their contents, and Defendants deny any allegations of this paragraph inconsistent with the publications.

45.    Admit that the 2016 and 2017 Census Tests did not include a question regarding citizenship status.  Admit that the Census Bureau did not begin considering whether to reinstatement a citizenship question on 2020 census questionnaire until late 2017.

46.    The allegations in paragraph 46 consist of Plaintiffs' characterization of the footnoted publication, which speaks for itself and to which no response is required.  The Court is respectfully referred to the cited publication for a complete and accurate statement of its contents, and Defendants deny any allegations of this paragraph inconsistent with the publication.

47.    Defendants deny the first and third sentences of paragraph 47, except to admit that the Census Bureau conducted data collection for its 2018 End-to-End Census Test in Providence County, Rhode Island, earlier this year and that the questionnaire used in this test did not include a citizenship question.  The second sentence consists of Plaintiffs' characterization of the End-to-End Census Test, to which no response is required.  Defendants deny the last sentence.

48.    Deny.

49.    Defendants admit the third sentence of paragraph 49, as far as public reporting of this population count has shown, and deny the last sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

50.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.    The allegations of paragraph 51 consist of Plaintiffs' characterizations of the cited PEW Research Center document, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited document for a complete and accurate statement of its contents and deny any allegations in this paragraph that are not consistent with the document.

52.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.    The allegations of paragraph 53 consist of Plaintiffs' characterizations of the cited Census Bureau report, which speaks for itself and to which no response is required.  Defendants

respectfully refer the Court to the cited report for a complete and accurate statement of its contents and deny any allegations in this paragraph that are not consistent with the report.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 55.  The second sentence of this paragraph consists of Plaintiffs' characterization of the cited newspaper article, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited article for a complete and accurate statement of its contents.

56.     Paragraph 56 consists of Plaintiffs' characterization of the referenced letter, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents and, to the extent a response is required, admit that the cited letter was signed by the Mayor of San Jose and received by the U.S. Department of Commerce.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 57.  The second sentence of this paragraph consists of Plaintiffs' characterization of the referenced Freedom of Information Act request, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited request for a complete and accurate statement of its contents.  The third sentence of this paragraph consists of Plaintiffs' characterization of the referenced press release, which speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the cited press release for a complete and accurate statement of its contents.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.     The first two sentences of paragraph 60 consist of Plaintiffs' characterization of the cited report, which speaks for itself and to which no response is required.  Defendants respectfully

1   refer the Court to the cited report for a complete and accurate statement of its contents.  Defendants

2   lack knowledge or information sufficient to form a belief as to the truth of the allegations in the

3   remaining sentences of this paragraph.

4          61.    The allegations of paragraph 61 consist of Plaintiffs' characterization of the cited DOJ

5   letter, which speaks for itself and to which no response is required.  The Court is respectfully referred

6   to the cited letter for a complete and accurate statement of its contents.  Defendants deny any

7   allegations in this paragraph that are not consistent with the letter.

8          62.    Defendants admit that on March 26, 2018, Secretary Ross directed the Census Bureau

9   to reinstate a citizenship question on the 2020 decennial census questionnaire and that on March 29,

10  2018, Defendants transmitted to Congress the questions that will be asked on the 2020 decennial

11  census.  Defendants deny Plaintiffs' characterization in the first sentence of paragraph 62 of Secretary

12  Ross's action as "setting aside decades of practice."   The remaining sentences of this paragraph

13  consist of Plaintiffs' characterization of the proposed citizenship question for the 2020 decennial

14  census questionnaire, which speaks for itself and to which no response is required but, to the extent

15  a response is required, admit.

16         63.    The first sentence of paragraph 63 consist of Plaintiffs' characterization of the cited

17  report on the "Questions Planned for the 2020 Census and American Community Survey," which

18  speaks for itself and to which no response is required.  Defendants respectfully refer the Court to the

19  cited report for a complete and accurate statement of its contents and deny any allegations in this

20  sentence that are not consistent with the report.  Defendants deny the remaining allegations of this

21  paragraph.

22         64.    Paragraph 64 consists of Plaintiffs' characterization of Secretary Ross's March 26,

23  2018, decision memorandum, which speaks for itself and to which no response is required.

24  Defendants respectfully refer the Court to the decision memo for a full and accurate statement of its

25  contents (Exhibit 2 to Plaintiffs' Complaint) and deny any allegations in this paragraph inconsistent

26  with that memo, including Plaintiffs' characterization of that memo as "arbitrary and capricious,"

27  "speculat[ive]," and "illogical."

28

65. Paragraph 65 consists of Plaintiffs' characterization of Secretary Ross's March 26, 2018, decision memorandum, which speaks for itself and to which no response is required, and Plaintiffs' legal conclusions, to which no response is required. Defendants respectfully refer the Court to the decision memo for a full and accurate statement of its contents (Exhibit 2 to Plaintiffs' Complaint) and deny any allegations in this paragraph inconsistent with that memo.

66. Deny.

67. Defendants deny the first sentence of paragraph 67. The remaining allegations of this paragraph consist of Plaintiffs' characterization of the cited newspaper article, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the article for a full and accurate statement of its contents.

68. Paragraph 68 consists of Plaintiffs' characterization of the cited cases, which speak for themselves and to which no response is required. Defendants respectfully refer the Court to the full case files for those cases for a full and accurate statement of the evidence presented therein.

69. Deny.

70. Deny.

71. Deny.

72. Paragraph 72 consists of Plaintiffs' characterization of the Census Bureau operational plan, which speaks for itself and to which no response is required. Defendants respectfully refer the Court to the cited operational plan for a full and accurate statement of the evidence presented therein.

73.-79. The allegations in paragraphs 73-79 consist of Plaintiffs' characterizations of the current political climate, to which no response is required. They do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is required, Defendants refer the Court to the cited sources for a complete and accurate statement of the quoted material, and deny any allegations inconsistent with those sources.

80. Paragraph 80 consists of Plaintiffs' characterization of the cited Meyers Report and Memorandum (Exhibits 3 and 4 to the Complaint), to which no response is required. Defendants respectfully refer the Court to these cited sources for a full and accurate statement of their contents and deny any allegations in this paragraph inconsistent with those sources.

81.     Paragraph 81 consists of Plaintiffs' characterization of the cited report, to which no response is required.  Defendants respectfully refer the Court to the cited report for a full and accurate statement of its contents and deny any allegations in this paragraph inconsistent with that source.

82.     Defendants deny the first sentence of paragraph 82.  The second sentence consists of Plaintiffs' characterization of evidence presented in the cited case, to which no response is required.  Defendants respectfully refer the Court to the cited decision for a full and accurate statement of its contents and deny any allegations in this paragraph inconsistent with that decision.

83.     Paragraph 83 contains Plaintiffs' characterization of the cited news article, to which no response is required.  Defendants respectfully refer the Court to the cited news article for a full and accurate statement of its contents and deny any allegations in this paragraph inconsistent with that source.

84.     Defendants deny the first sentence of paragraph 84.  The remaining sentences of this paragraph appear to consist of Plaintiffs' characterization of information they have gained from unattributed sources in the public domain, to which no response is required.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 but, to the extent a response is required, deny.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 but, to the extent a response is required, deny.

89.     Deny.

90.     Defendants incorporate by reference their answers to paragraphs 1-89 of the Complaint.

91.     The allegations in paragraph 91 consist of Plaintiffs' characterizations of the U.S. Constitution and legal conclusions, to which no response is required.

92.     The first and third sentences of paragraph 92 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response, is required, Defendants deny these allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph but, to the extent a response is required, deny.

93.     The first sentence of paragraph 93 consists of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence and in the remainder of in paragraph 93.  To the extent a more specific response is required, deny.

94.     The allegations in paragraph 94 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  To the extent a more specific response is required, deny.

95.     The allegations in paragraph 95 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  To the extent a more specific response is required, deny.

96.     The allegations in paragraph 96 consist of Plaintiffs' legal conclusions, to which no response is required, but, to the extent a response is required, deny.

97.     Defendants incorporate by reference their answers to paragraphs 1-96 of the Complaint.

98.     The allegations in paragraph 98 consist of Plaintiffs' characterizations of the U.S. Constitution and legal conclusions, to which no response is required.

99.     Deny.

100.    The allegations in paragraph 100 regarding violation of the Fourteenth Amendment consist of Plaintiffs' legal conclusions, to which no response is required, but, to the extent a response is required, deny.  Defendants deny the remaining allegations in this paragraph.

101.    The first sentence of paragraph 101 consists of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence and in the remainder of this paragraph.  To the extent a more specific response is required, deny.

102.    The first sentence of paragraph 102 consists of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence and in the remainder of this paragraph.  To the extent a more specific response is required, deny.

103.    The allegations in paragraph 103 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  To the extent a more specific response is required, deny.

104.    The allegations in paragraph 104 consist of Plaintiffs' legal conclusions, to which no response is required, but, to the extent a response is required, deny.

105.    Defendants incorporate by reference their answers to paragraphs 1-104 of the Complaint.

106.    The allegations in paragraph 106 consist of Plaintiffs' characterizations of the cited statute and legal conclusions, to which no response is required.

107.    The allegations in paragraph 107 consist of Plaintiffs' legal conclusions, to which no response is required, but, to the extent a response is required, deny.

108.    The allegations in paragraph 108 consist of Plaintiffs' legal conclusions, to which no response is required, but, to the extent a response is required, deny.

109.    The first sentence of paragraph 109 consists of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence or in the remainder of this paragraph.  To the extent a more specific response is required, deny.

110.    The allegations in paragraph 110 consist of Plaintiffs' legal conclusions, to which no response is required but, to the extent a response is required, Defendants lack knowledge or

1    information sufficient to form a belief as to the truth of the allegations in this paragraph.  To the

2    extent a more specific response is required, deny.

3          111.    The allegations in paragraph 111 consist of Plaintiffs' legal conclusions, to which no

4    response is required, but, to the extent a response is required, deny.

5          112.    Defendants incorporate by reference their answers to paragraphs 1-111 of the

6    Complaint.

7          113.    The allegations in paragraph 113 consist of Plaintiffs' characterizations of the cited

8    statute and legal conclusions, to which no response is required.

9          114.    Deny.

10         115.    The allegations in the first sentence of paragraph 115 consist of Plaintiffs' legal

11   conclusions, to which no response is required but, to the extent a response is required, deny.

12   Defendants deny the second sentence of this paragraph.

13         116.    The allegations in paragraph 116 consist of Plaintiffs' legal conclusions, to which no

14   response is required but, to the extent a response is required, Defendants lack knowledge or

15   information sufficient to form a belief as to the truth of the allegations in this paragraph.  To the

16   extent a more specific response is required, deny.

17         117.    The allegations in paragraph 117 consist of Plaintiffs' legal conclusions, to which no

18   response is required, but, to the extent a response is required, deny.

19         The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, to which no

20   response is required. To the extent a response is required, Defendants deny the allegations contained

21   in the remaining paragraphs of the Complaint and further aver that Plaintiffs are not entitled to any

22   relief.

23         Defendants hereby deny all allegations in the Complaint not expressly admitted or denied.

24         WHEREFORE, having fully answered the Complaint, Defendants assert that Plaintiffs are

25   not entitled to the relief requested and respectfully request that the Court enter judgment dismissing

26   this action with prejudice and awarding Defendants costs and such other relief as the Court may

27   deem appropriate.

28

DEFENDANTS' ANSWER TO COMPLAINT – No. 3:18-cv-02279-RS

Date:  August 31, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

JOSHUA E. GARDNER
CARLOTTA P. WELLS
Assistant Directors, Federal Programs Branch

   /s/ Carol Federighi
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel.: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Attorneys for Defendants*

DEFENDANTS' ANSWER TO COMPLAINT – No. 3:18-cv-02279-RS