MANATT, PHELPS & PHILLIPS, LLP
JOHN F. LIBBY (Bar No. CA 128207)
E-mail:  jlibby@manatt.com
JOHN W. MCGUINNESS (Bar No. CA 277322)
E-mail:  jmcguinness@manatt.com
EMIL PETROSSIAN (Bar No. CA 264222)
E-mail:  epetrossian@manatt.com
11355 West Olympic Boulevard
Los Angeles, California 90064
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
JON M. GREENBAUM (Bar No. CA 166733)
E-mail: jgreenbaum@lawyerscommittee.org
EZRA D. ROSENBERG (*Pro Hac Vice*)
E-mail: erosenberg@lawyerscommittee.org
DORIAN L. SPENCE (*Pro Hac Vice*)
E-mail: dspence@lawyerscommittee.org
1500 K Street, Suite 900
Washington, DC 20005
Telephone:  (202) 662-8600
Facsimile:  (202) 783-0857

*Attorneys for Plaintiffs*
CITY OF SAN JOSE and BLACK ALLIANCE FOR JUST
IMMIGRATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SAN JOSE, a municipal corporation; and BLACK ALLIANCE FOR JUST IMMIGRATION, a California nonprofit corporation,<br><br>        Plaintiffs,<br><br>        vs.<br><br>WILBUR L. ROSS, JR., in his official capacity as Secretary of the U.S. Department of Commerce; U.S. DEPARTMENT OF COMMERCE; RON JARMIN, in his official capacity as Acting Director of the U.S. Census Bureau; U.S. CENSUS BUREAU,<br><br>        Defendants. | 3:18-cv-02279-RS<br><br>**TRIAL AFFIDAVIT OF OPAL TOMETI**<br><br>Ctrm:      3<br>Judge:    The Honorable Richard G. Seeborg<br>Trial Date:  January 7, 2019<br>Complaint Filed: April 17, 2018 |

## SUPPLEMENTAL DECLARATION OF OPAL TOMETI

I, Opal Tometi, declare as follows:

1.    As explained in my November 2, 2018 Declaration (Doc. No. 99-04), I am the Executive Director of the Black Alliance for Just Immigration ("BAJI"). As Executive Director, I oversee BAJI's outreach efforts to engage with and educate Black immigrant, refugee, and African American communities regarding the 2020 Decennial Census.

2.    All of the statements made in my November Declaration and this Declaration are based on my personal knowledge acquired from serving as Executive Director of BAJI and my previous role as National Organizer and Director of Communications of BAJI. In these capacities, I have reviewed BAJI's programmatic and administrative materials and am familiar with BAJI's programs, town halls, trainings, clinics, panels, and other events BAJI convenes for its members and immigrant communities on various issues that predominantly affect immigrants and communities of color.

3.    For the 2020 Decennial Census in particular, I have reviewed and received feedback from impacted communities, engaged with Census officials, formed coalitions with other immigration groups, spoke to members of BAJI, and participated in a number of events, panels, and town halls where concerns have been raised about the proposed addition of a citizenship question to the 2020 Census. Additionally, I have worked with Black immigrant, refugee, and African American communities since 2010, and am familiar with the context in which census counts play a critical role for these communities, and the harms of heightened census undercount for immigrant communities and communities of color.

4.    In Paragraph 11 of my November Declaration, I explained that BAJI members are reluctant to participate in the 2020 Decennial Census because of the inclusion of the citizenship question. The Census Bureau's own research also estimates that the citizenship question could reduce noncitizen response by 5-12%.

5.    Additionally, the fear of BAJI members and other communities has been exacerbated by news reports indicating that the government may try to change the law so as to allow the sharing of 2020 census information. This would be a significant change from the current policy

2

which protects from the release of census information that may identify an individual for a non-statistical purpose. The news reports have instilled fear in immigrant communities of an increased risk of deportation and other penalties associated with the addition of the citizenship question.

6.     News about this risk became public after I submitted my November Declaration. I am aware that the U.S. Department of Justice is considering challenging the confidentiality mandate for census data. I learned about this potential challenge through articles published in CityLab and National Public Radio, attached hereto as Exhibits A and B. A Washington Post article, attached hereto as Exhibit C, also mentioned how documents obtained through litigation revealed that officials from the Trump administration are considering sharing future census information with law enforcement such as the Department of Homeland Security. A few days after this news was released, Senators Brian Schatz, Cory A. Booker, and Jack Reed sent a letter to Assistant Attorney General Eric S. Dreiband, expressing their concerns with reports that the Department of Justice will consider violating the confidentiality of census information and seeking Dreiband's commitment to the confidentiality of census information. A copy of this letter is attached hereto as Exhibit D.

7.     In my November Declaration, I also explained how BAJI has and will have to divert its resources to address the impact of the addition of the citizenship question. I know this from my deep understanding of, and familiarity with, BAJI's administrative and programmatic initiatives.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 28, 2018.

_____
OPAL TOMETI

TRIAL AFFIDAVIT OF OPAL TOMETI (3:18-cv-02279)

# EXHIBIT A



www.citylab.com

*Thank you for printing content from www.citylab.com. If you enjoy this piece, then please check back soon for our latest in urban-centric journalism.*



BRENTIN MOCK  NOV 20, 2018

**"No," says a former chief demographer; they would resign before allowing the Trump administration to violate the confidentiality prized by Census Bureau culture.**

Amidst news that the U.S. Department of Justice is considering possibly challenging the confidentiality mandate for census data, retired Census Bureau Chief Demographer Howard Hogan wants you to understand the culture among Census Bureau staff. There are three things that bureau staff prioritizes, according to Hogan: accuracy, confidentiality, and nonpartisanship.

Lecturing at the University of Pittsburgh last week on how the census measures race and ethnicity, on the confidentiality question Hogan was, well, confident that this would not be breached.

"We take confidentiality seriously," said Hogan. "The senior staff at the Census Bureau would resign in protest before they turned over the names. We have perhaps the most sophisticated group of mathematicians and statisticians in the world analyzing how to protect the confidentiality of the data. I'm not going to speak for the administration in question, but as someone who spent 40 years in the Census Bureau, I will speak for our culture: We are still dedicated to protecting everybody's confidentiality period. No exceptions."

Hogan doubled down on that when CityLab spoke with him after the lecture, but that was last week. That was before NPR national correspondent Hansi Lo Wang exposed an email from the Trump administration revealing that it might consider challenging the confidentiality protections of the Census Bureau. Those protections guarantee by law that no one's individual data could be turned over to any other federal department or agency, and particularly not for law enforcement purposes.

However, the memo shows, if nothing else, that the current U.S. Justice Department is leaving open the question of whether or not another law, like maybe the Patriot Act, could override those census confidentiality legal protections. The leak of these deliberations comes at a time when the Census Bureau is pushing to include, for the first time since 1950, a question about citizenship, which Commerce Secretary Wilbur Ross announced earlier this year.

There are several lawsuits currently pending to keep Ross from making that happen, with many of the plaintiffs arguing that asking about citizenship would undermine the official census count. Many immigrants, both naturalized and yet-to-be naturalized, would avoid filling out the census, the plaintiffs argue, out of fear that their information could be turned over to law enforcement agencies for deportation or other punitive purposes.

"The Justice Department's failure to confirm that guarantee is cause for great alarm," said Vanita Gupta, president and CEO of The Leadership Conference Education Fund in a press statement. "At every turn, the Trump administration has politicized the 2020 census. The addition of Steve Bannon's unnecessary citizenship question, along with these other fearmongering tactics, is part of a ploy to derail the count."

Hogan addressed such fears in Pittsburgh mainly by saying that people could skip the citizenship, race, ethnicity, and even the name questions and still get counted for the census. He acknowledged that people are required by law to fill it out completely, but said the Census Bureau had neither the resources nor the desire to enforce something like that.

The Justice Department, which does have enforcement power, though, is another story, and as Gupta indicated there is plenty of reason to believe that some DOJ officials might very well pursue something like that, given the department's current mission to ferret out people they consider non-citizens. The documents uncovered by NPR's Wang might be evidence of that. Despite those documents, Hogan doesn't believe the Justice Department would take that route.

"I would find it inconceivable that [the Justice Department] would have the resources, the inclination, or would want the public relations disaster of arresting someone for not answering [the citizenship] question," said Hogan. "I do know that the leadership of the Census Bureau, the Federal Statistical system, and the American statistical community would all be united against any use of census information for any non-statistical purpose."

Still, that certain DOJ officials might even be contemplating trying to access census information for non-statistical purposes could be enough to intimidate people, namely newly arrived Americans, out of completing the census, which would have major implications for post-2020 redistricting activities. Congressional, legislative, and even municipal districts are drawn based on census accounts, which is why it is essential that the census data is as accurate as possible. Census data also affects how federal funding is apportioned across political district lines.

People like Ross who support including a citizenship question are claiming they need to do so for Voting Rights Act purposes. However, conservatives have been attempting to use census data as a way to exclude non-citizens in the count to apportion congressional and legislative districts, which is against the Constitution.

In the case _Evenwel v. Abbot_, plaintiffs tried to argue that districts should only be drawn by counting people who were eligible to vote, primarily by age and citizenship. The U.S. Supreme Court shot that argument down in 2016, however, saying districts may be drawn using total population—including children, the incarcerated, and yes, even non-citizen immigrants—as has been the norm throughout history.

It's because of such cases that voting rights advocates are suspicious of any motives to include questions about citizenship in the census, especially when using a Voting Rights Act rationale. And the law around who can be counted in redistricting cases and how, is far from settled when considering the many gerrymandering lawsuits that are still pending. Hogan said that the Census Bureau prides itself on being nonpartisan, and he counts the Bureau staying out of redistricting debates as part of that.

"We do not get into political fights and how states do redistricting is strictly politics," said Hogan. "We leave that to the Department of Justice and to the states. We provide the data and we let them play with it. Each side has their own statisticians that help them. We just say, 'Here's the data and everything we can explain about the data, but how you draw your boundaries is between you and the Department of Justice.'"

However, it seems like the possible misuse of census data that could lead to undercounts or gerrymandering might be one place where the census would want to take a stand—not on partisan grounds, but on grounds of making sure the federal government is simply following the law.

## About the Author



# Brentin Mock

🐦 **@BRENTINMOCK**  /  🔊 **FEED**

<u>Brentin Mock</u> is a staff writer at CityLab. He was previously the justice editor at *Grist*.



## Maps

**Click Here**



## Newsletters

**Click Here**





## Facebook

**Click Here**



CityLab is committed to telling the story of the
world's cities: how they work, the challenges they
face, and the solutions they need.

Citylab.com © 2018 The Atlantic Monthly Group

# EXHIBIT B

**NPR 24 Hour Program Stream**
On Air Now

NEWSCAST      LIVE RADIO      SHOWS

NATIONAL

# DOJ, Asked About Census Confidentiality, Crafted Intentionally Vague Answer

November 19, 2018 10:09 PM ET

 HANSI LO WANG



A postcard from the U.S. Census Bureau reminds recipients that responding to the census is required by law.

*Claire Harbage/NPR*

## Updated 11:00 a.m. ET Tuesday

The Justice Department has discussed the possibility that federal law protecting the confidentiality of responses to the U.S. census may eventually be reconsidered, an internal Trump administration email shows.

Sharing individuals' census information with law enforcement and national security officers may "come up later for renewed debate," a former Justice Department official suggested in a June 12 email discussing an Obama-era memo issued by the department's Office of Legal Counsel (OLC).

**JUNE 12, 2018 EMAIL FROM BEN AGUIÑAGA TO JOHN GORE** (p. 27)

approach. Both answers are taken almost verbatim from the transcript of your hearing. The second draft answer does not directly address the question because the question asks whether this Department agrees with a 2010 OLC opinion and whether any law compels the disclosure of confidential questionnaire responses. I don't think we want to say too much there in case the issues addressed in the OLC opinion or related issues come up later for renewed debate. So, I've

View the entire document with **DocumentCloud**

The email, first reported by NPR on Nov. 17, was submitted last Friday to the U.S. District Court in the Northern District of California in a court filing by Andrew Case, an attorney with Manatt, Phelps & Phillips. The law firm, along with the Lawyers'

Committee for Civil Rights Under Law and Public
Counsel, is representing the plaintiffs in one of the six
lawsuits over the citizenship question the Trump
administration added to the 2020 census.

Last week, the Supreme Court decided to weigh in on
the legal battle, and the justices are set to hear
arguments over an evidence dispute in February.

# Sign Up For The NPR Daily Newsletter

Catch up on the latest headlines and unique NPR stories, sent
every weekday.

| What's your email? | SUBSCRI |

By subscribing, you agree to NPR's terms of use and privacy policy.

## "I don't think we want to say too much"

The confidentiality of census information came up
after Rep. Jimmy Gomez — a Democrat from

California who serves on the House Committee on
Oversight and Government Reform — asked a follow-
up question after the acting head of the Justice
Department's Civil Rights Division, John Gore,
appeared at a congressional hearing in May. Gomez
requested a written response on whether there are
any laws that could compel the Census Bureau "to
disclose confidential census data for law enforcement
or national security purposes."

The lawmaker also asked if the Justice Department
under the Trump administration agrees with the OLC
opinion issued by the Obama administration. That
2010 memo addressed how the Patriot Act, enacted
after the Sept. 11 terrorist attacks, could impact
Census Act protections. Those protections prohibit
the commerce secretary, who oversees the Census
Bureau, from releasing census information identifying
individuals for non-statistical purposes or outside of
the Commerce Department, including the bureau.

"We have identified no provisions of the PATRIOT Act that would compel the Secretary to disclose such protected information," former Deputy Assistant Attorney General Jeannie Rhee wrote in the opinion.



**NATIONAL**

Many Noncitizens Plan To Avoid The 2020 Census, Test Run Indicates

In the June 12 email, former Justice Department attorney Ben Aguiñaga — who was serving as Gore's chief of staff at the time — referred to a draft response to Gomez's question. Aguiñaga told his "boss" that the response "does not directly address the question."

"I don't think we want to say too much there in case the issues addressed in the OLC opinion or related issues come up later for renewed debate," Aguiñaga wrote.

The response Gore ultimately submitted on behalf of the Justice Department said: "No one should have to fear responding to the census questionnaire or to a

citizenship question, if in fact it is included. To that end, the Department is committed to abiding by all laws protecting the confidentiality and nondisclosure of such responses."

**JUNE 11, 2018 RESPONSES FROM JOHN GORE TO JIMMY GOMEZ** (p. 28)

**Responses to Questions for the Record**
**Mr. John M. Gore**
**Acting Assistant Attorney General**
**U.S. Department of Justice**
**Submitted June 11, 2018**

**Submitted by The Honorable Jimmy Gomez**
**Committee on Oversight and Government Reform**

**Administrative Records**
On April 25, 2018, Attorney General Session testified in the Senate regarding the citizenship question that people "don't have to answer it, really, I would think that's a very reasonable thing, and I think concerns over it are overblown."

To Mr. Gore:
*Is the Attorney General encouraging people not to respond to the Census, or is he saying that their responses aren't really that important since responses are really not required?*

**RESPONSE:** It is possible that the Attorney General was referring to the fact that the Census Bureau counts incomplete census questionnaires in the total enumeration. That is, even if a person responding to a questionnaire does not answer a particular question, the Census Bureau counts the questionnaire.

**Census Confidentiality**
On January 4, 2010, the Department of Justice issued a Memorandum Opinion for the Department of Commerce[1] that clarifies that no provision of the PATRIOT Act can compel the Secretary of Commerce to disclose confidential census data.

To Mr. Gore:
*Is the DOJ and Attorney General Sessions still in agreement with that opinion? Is there any provision of any law that may compel Census to disclose confidential census data for law enforcement or national security purposes?*

**RESPONSE:** No one should have to fear responding to the census questionnaire or to a citizenship question, if in fact it is included. To that end, the Department is committed to abiding by all laws protecting the confidentiality and nondisclosure of such responses.

View the entire document with **DocumentCloud**

## "All kinds of ways that issue could arise again"

In an email, spokesperson Kelly Laco said the Justice Department declined to comment on NPR's questions about Aguiñaga's email, including whether the department still agrees with the 2010 memo and if the issues addressed in the memo have come up for discussion under the Trump administration. The department also did not comment on whether there are any laws that could force the Census Bureau to release information for law enforcement or national security purposes.

Aguiñaga, who has left the Justice Department and currently serves as a law clerk to Supreme Court Justice Samuel Alito, has not responded to requests for comment. A spokesperson for the Supreme Court, Kathy Arberg, confirmed in an email that Aguiñaga "is recused and has not worked on" the case regarding the citizenship question currently before the court "or on matters relating to it."

Case 3:18-cv-02279-RS Document 142 Filed 12/29/18 Page 19 of 33

In October, Gore was asked about Aguiñaga's email during his deposition for the citizenship question lawsuits.

"I think it's routine for the Department of Justice not to overcommit on particular legal questions that it may need to revisit in light of new facts or legal understanding," Gore testified under oath.

Gore also rejected any suggestion that Aguiñaga's email was describing anything the Trump administration would do. Renewed debate about census confidentiality, he said, "wouldn't necessarily have to be during this administration."

"It wouldn't even necessarily have to be at the Department of Justice," Gore added. "It's an issue that could be litigated in court. It's an issue that could be raised in Congress. There are all kinds of ways that issue could arise again."

"Is it your understanding that this administration will not reconsider the view that the Patriot Act does not compel disclosure of otherwise confidential census information?" ACLU attorney Dale Ho, who is helping to represent plaintiffs in the New York-based lawsuits, asked Gore.

"I can't answer," Gore replied after another Justice Department attorney present at the deposition, Joshua Gardner, instructed him to avoid disclosing "information subject to deliberative process privilege."

DALE HO: "IS IT YOUR UNDERSTANDING..." (p. 310)

```
     Q.  Is it your understanding that this
administration will not reconsider the view that
the Patriot Act does not compel disclosure of
otherwise confidential census information?
          MR. GARDNER:  Objection to the extent it
calls for the disclosure of information subject to
deliberative process privilege.
          To the extent you can answer that
question without divulging such information, you
may do so.  Otherwise, I instruct you not to
answer.
          THE WITNESS:  Consistent with that
```

> instruction, I can't answer.
>
> BY MR. HO:
>
>     Q.  So you've been involved in conversations
> about whether or not the administration might
> abandon the view that the Patriot Act does not
> compel the disclosure of otherwise confidential
> census information?
>
>         MR. GARDNER:  Same objection.  Same
> instruction.

View the entire document with **DocumentCloud**

Pressed by Ho, Gore later testified that he was "not aware" of any deliberations or conversations "occurring right now" about changing the department position that the Obama administration established on census confidentiality and the Patriot Act.

## "Well-founded" privacy concerns

The Census Bureau and the Commerce Department have emphasized that the agencies are committed to protecting the information the bureau collects from the public. Federal law requires every household in the country to submit responses once a decade for the

constitutionally-required head count of every person living in the U.S.

While the bureau can release information to the public about specific demographic groups at a level as detailed as a neighborhood, it is illegal under federal law for the Census Bureau to share census information identifying individuals until 72 years after the bureau collects it.



NATIONAL

Citizenship Question May Be 'Major Barrier' To 2020 Census Participation

"Title 13 [of the U.S. Code] makes it very clear that the data we collect can only be used for statistical purposes and cannot be shared for nonstatistical purposes — including law enforcement," the bureau's acting director, Ron Jarmin, wrote in a blog post in May.

Attorneys for plaintiffs in one of the California-based citizenship question lawsuits — the city of San Jose,

Calif., and the Black Alliance for Just Immigration
(BAJI) — however, cite the Justice Department email
as evidence that supports their clients' fears about
how the federal government could use census
responses.

"Despite public statements that the Bureau and
Commerce will continue to respect the privacy of
citizenship answers, DOJ has admitted in private the
providing census answers to other agencies ... may
'come up later for renewed debate,' " the plaintiffs'
attorneys wrote in a court filing. "Such statements
confirm that BAJI's members' privacy concerns are
well-founded."



NATIONAL

How The 2020 Census Citizenship Question Ended Up In Court

## "There is no debate"

Many civil rights groups and immigrant advocates
have expressed concerns about the Justice

Department email. They fear that the email's revelations could further discourage households with unauthorized immigrants and other noncitizens — many of whom were already wary of the new citizenship question — from participating in the upcoming national head count.

"There is no debate about whether to keep census information protected — census confidentiality is protected by law," said Vanita Gupta in a written statement. Gupta is the president and CEO of The Leadership Conference on Civil and Human Rights and a former acting head of the DOJ's Civil Rights Division under President Obama. "The Justice Department's failure to confirm that guarantee is cause for great alarm," she added.

Gomez and other Democratic lawmakers, including Rep. Elijah Cummings of Maryland and Rep. Carolyn Maloney of New York, are preparing to launch more investigations into the Trump administration's

discussions about the 2020 census, including the new citizenship question.

"These emails prove that the Trump administration is using every tool at their disposal to vilify our immigrant communities, including the 2020 census," Gomez said in a statement. "The new Democratic House majority will do everything in our power to directly address these anti-immigrant efforts."

READ & LISTEN

Home

News

Arts & Life

Music

Podcasts

Programs

CONNECT

Newsletters

Facebook

Twitter

Instagram

Contact

Help

ABOUT NPR

Overview

Finances

GET INVOLVED

Support Public Radio

Sponsor NPR

**People**

**Press**

**Ombudsman**

**Corrections**

**NPR Careers**

**NPR Shop**

**NPR Events**

**Visit NPR**

---

terms of use

privacy

your privacy choices

text only

© 2018 npr

# EXHIBIT C

The Washington Post

**Social Issues**

# Trump administration officials suggested sharing census responses with law enforcement, court documents show

By Tara Bahrampour

November 19

Trump administration officials have privately discussed the possibility that in the future census information could be shared with law enforcement, according to documents filed in a legal challenge over plans for a new citizenship question on the 2020 survey.

The subject came up after a Democratic lawmaker asked whether responses to the survey could ever be shared with law enforcement agencies, something that has been strictly illegal according to federal law governing the census.

After a congressional hearing in May about the citizenship question, Rep. Jimmy Gomez (D-Calif.) submitted a written query about whether the Justice Department agreed with a memo it had issued in 2010 saying the USA Patriot Act could not override the confidentiality of the census.

In a June 12 email, department officials discussed among themselves how to answer Gomez's question in a way that left the answer open. Justice Department attorney Ben Aguinaga suggested to acting assistant attorney general John Gore that they not say "too much" in response to Gomez's question, in case the issue were to "come up later for renewed debate."

Confidentiality is considered a fundamental premise of the census and crucial to the success of the constitutionally mandated count, which surveys each household in the country every 10 years. That confidentiality is enshrined in the Census Act of 1879.

In 1954, Congress codified the rules, which say that the Commerce Department, which oversees the survey, cannot share the data with any other government agency or court. Violators are subject to up to five years in federal prison and up to $250,000 in fines. The law can be changed only by Congress.

The Justice Department email was included in documents filed in San Francisco federal court for a trial slated to begin in January.

It appeared to leave open the possibility of reconsidering the 2010 memo, which was issued at the time of the first decennial census to be conducted after the 9/11 attacks and the creation of the USA Patriot Act.

The Justice Department declined to comment on the email or whether census confidentiality is subject to debate. Acting Census Bureau director Ron S. Jarmin has blogged about the importance of the count's confidentiality.

The revelation comes at a time when immigrant communities feel besieged and are already worried about participating in the census, which determines the allocation of $800 billion a year in federal funds along with congressional apportionment.

Gomez's question asked if there was "any provision of any law that might compel Census to disclose confidential census data for law enforcement or national security purposes?"

In the email to Gore about how to respond, Aguinaga wrote: "I don't think we want to say too much there in case the issues . . . or related issues come up later for renewed debate. So, I've just said that the Department will abide by all laws requiring confidentiality." It is unclear whether Gore answered the email. Gomez's office said it received a reply with that wording months later.

Six lawsuits have challenged the administration's decision to add a citizenship question to the count, saying it will dissuade immigrants and their families from filling out the forms and lead to an inaccurate and more costly count.

Filling out the census is required by law. The cost of the count increases when census workers must circle back to households that do not respond to the forms in the initial round.

Additional uncertainty about whether their responses will be protected probably would further undermine the count, census experts say.

"It could reinforce fears about how this administration could use census responses," said Terri Ann Lowenthal, a former staff director of the House census oversight subcommittee. Gomez's question "should have been an easy opportunity for the Justice Department to reaffirm that there is an ironclad wall around personal census responses."

"If the administration and the commerce secretary don't right that ship quickly, the entire census could be in trouble," she added.

Although raising doubts about confidentiality could have a chilling effect on response rates, Thomas Wolf, counsel with the Democracy Program at the Brennan Center for Justice, which has filed briefs in the current lawsuits, said the Justice Department does not have the authority to change the rules.

"The Census Act makes it absolutely clear that individual census responses cannot leave the Commerce Department" and that general census data cannot be shared for law enforcement purposes, Wolf said. "The Department of Justice has absolutely no say in whether the census data can be shared; [it] has to follow federal statutes just like everyone else."

He added that "the only way these statutes can change is if Congress changes them, and I'm highly skeptical that a Democrat-led House is going to change them."

Instead, Wolf said, the discussion may have been an example of government officials floating an idea to see if it is workable. "This administration likes to test the fences," he said. "This fence is an electrical fence; it would be incredibly illegal."

House Democrats have vowed to push hard against threats to the count. Gomez, who sits on the House Oversight and Government Reform Committee, said Monday that "the new Democratic House majority will do everything in our power to directly address these anti-immigrant efforts" related to the 2020 count. "These emails prove that the Trump administration is using every tool at their disposal to vilify our immigrant communities, including the 2020 Census."

**Tara Bahrampour**

Tara Bahrampour, a staff writer based in Washington, D.C., writes about aging, generations and demography. She has also covered immigration and education and has reported from the Middle East and North Africa, and from the republic of Georgia. Follow 🐦

## The story must be told.

Your subscription supports journalism that matters.

Try 1 month for $1

**Podcasts**

## U.S. troops to leave Syria. Now what?

What it means for the U.S. to pull forces out of Syria. The fashion industry's mixed messages to plus-size women. Plus, when Congress weighed a journey to the center of Earth.

▶ **Listen**  23:45

20 hours ago

# EXHIBIT D

# United States Senate

WASHINGTON, DC 20510

November 21, 2018

The Honorable Eric S. Dreiband
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW, Room 1145
Washington, DC 20530

Dear Assistant Attorney General Dreiband:

We are writing to express our deep concerns with reports that the Justice Department discussed the possibility of violating the confidentiality of information collected during the decennial census.[i]  We urge you to clarify immediately your understanding of existing law and reiterate your commitment to the confidentiality of information collected through the decennial census.

Court filings have revealed a willingness by staff in the Justice Department to leave open the possibility that the Department would reevaluate an existing legal opinion, which found no provision within the USA PATRIOT Act that could be used to compel the Commerce Secretary to release confidential census information.

Title 13, Section 9 of the U.S. Code explicitly prevents the Commerce Department and any of its bureaus or agencies from sharing personally identifiable information collected by the census with any external entity or individual.  However, even consideration of information sharing between the Commerce Department and, for example, the Justice Department or Immigration and Customs Enforcement will have a chilling effect on participation in the 2020 Census.  A national study commissioned by the Census Bureau indicated that the last-minute, untested citizenship question "may be a major barrier" to participation, with respondents citing a distrust in the federal government's commitment to maintaining the confidentiality of census data.[ii]

It is of utmost importance that the 2020 Census—a constitutionally mandated activity—be conducted in a full, fair, and accurate manner to count *all* persons in our country.  Any attempt by the Justice or Commerce Departments to diminish the count of particular communities would be in contravention of the U.S. Constitution.

Thank you for your attention to this matter, and we look forward to your response.

Sincerely,

BRIAN SCHATZ
United States Senator

CORY A. BOOKER
United States Senator

JACK REED
United States Senator

cc:     The Honorable Wilbur Ross
        Secretary
        U.S. Department of Commerce

        Dr. Ron S. Jarmin
        Acting Director
        U.S. Census Bureau

---

[i] Hansi Lo Wang, "DOJ, Asked About Census Confidentiality, Crafted Intentionally Vague Answer, *NPR*, 19 Nov. 2018, https://www.npr.org/2018/11/19/669378077/confidentiality-of-responses-to-u-s-census-may-come-up-for-renewed-debate.

[ii] U.S. Census Bureau, "2020 Census Barriers, Attitudes, and Motivators Study (CBAMS) Survey and Focus Groups: Key Findings for Creative Strategy," 31 Oct. 2018, https://apps.npr.org/documents/document.html?id=5026590-Oct-31-2018-Slide-Deck-On-2020-Census-Barriers.