;JOSEPH H. HUNT
Acting Assistant Attorney General
BRETT A. SHUMATE
Deputy Assistant Attorney General
JOHN R. GRIFFITHS
Director, Federal Programs Branch
CARLOTTA P. WELLS
Assistant Director, Federal Programs Branch
MARSHA S. EDNEY
Senior Trial Counsel
KATE BAILEY
CAROL FEDERIGHI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Tel.: (202) 514-1903
Email: carol.federighi@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS, JR., *et al.*,<br><br>        Defendants.<br><hr>CITY OF SAN JOSE, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS, JR., *et al.*,<br><br>        Defendants. | Civil Action No. 3:18-cv-01865-RS and<br>Civil Action No. 3:18-cv-02279-RS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. MATTHEW BARRETO PERTAINING TO QUESTION 8 OF HIS SURVEY; MEMORANDUM IN SUPPORT THEREOF**<br><br>Dept.:  3<br>Judge:  The Honorable Richard G. Seeborg<br>Trial Date:     January 7, 2019<br>Action Filed:   March 26, 2018 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Tuesday, January 8, 2019, at 9:00 a.m., or as soon thereafter as counsel may be heard, before The Honorable Richard Seeborg, in Courtroom 3, 17th Floor, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, the defendants Wilbur L. Ross, Jr., Secretary of Commerce; U.S. Department of Commerce; Ron Jarmin, performing the nonexclusive functions and duties of Director, U.S. Census Bureau; and U.S. Census Bureau will move, and hereby do move, to exclude certain witness testimony and evidence at trial for the reasons set forth in the following Memorandum of Points and Authorities.

Dated: January 7, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Branch Director

*/s/ Carol Federighi*
MARSHA STELSON EDNEY
Senior Trial Counsel
KATE BAILEY
CAROL FEDERIGHI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel.: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Attorneys for Defendants*

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY AND EVIDENCE OF DR. MATTHEW BARRETO PERTAINING TO QUESTION 8 OF HIS SURVEY

Defendants respectfully request that the Court exclude under Federal Rule of Civil Procedure ("FRCP") 37(c)(1) any testimony or evidence of Plaintiffs' expert witness, Dr. Matthew Barreto, pertaining to Question 8 of his survey, for failure to properly disclose tables summarizing the results of this part of his survey, as required by FRCP 26(a)(2)(b) and FRCP 45. The reasons for this motion, as well as an explanation for why this motion is being filed after the deadline for filing motions *in limine*, are set forth further below. Plaintiffs' counsel advise that they oppose this motion.

**Procedural Background**

1.      On December 21, 2018, the same day that Defendants' motions *in limine* relating to the trial in this case were due, Plaintiffs served Defendants with a supplemental production purportedly pertaining to the testimony of Dr. Bernard Fraga, an expert scheduled to testify in only one of the above-captioned cases, *State of California v. Ross*, No. 18-1865. *See* Ex. A (email with attached document FRAGA_00566). This production consisted of two tables, labeled Tables 15 and 16, that appear to summarize data that Dr. Fraga had previously provided in an Excel spreadsheet. *Id.* Plaintiffs provided no further explanation for these tables, stating only that their failure to previously disclose them in connection with Dr. Fraga's testimony was inadvertent. *Id.*

2.      Upon examination, Defendants' counsel eventually developed the suspicion that the tables were the work of another one of Plaintiffs' experts (in both of the above-captioned cases), Dr. Matthew Barreto, and not that of Dr. Fraga himself. Defendants' counsel subsequently queried Plaintiffs' counsel regarding the provenance of the tables and was advised that, in fact, "these tables originated from Dr. Barreto." Ex. B.

3.      Tables 15 and 16 (FRAGA_00566) were not produced as part of Dr. Barreto's expert disclosure pursuant to Rule 26(a)(2)(B), which requires disclosure of "the facts or data considered by the witness in forming" his opinion. They also were not produced in response to a subpoena duces tecum served upon Dr. Barreto, which requested, *inter alia*, "[a]ll documents and

materials [Dr. Barreto] relied on, used, or considered in developing [his] opinions in this case." Ex. C.  If, as it appears, these tables were prepared by Dr. Barreto in developing his opinions here (notably, they are sequentially numbered to follow after the tables that are attached to his report, *see* Decl. of Matthew Barreto, ECF No. 99-12 in No. 18-1865, p. 73), they are "data" and "materials" that were "used" or "considered" by Dr. Barreto in drafting his report containing his opinions. Accordingly, they should have been included with Dr. Barreto's subpoena response on October 3, 2018.

**The Significance of FRAGA_00566 with Regard to Dr. Barreto's Report**

4.      In the course of developing his opinion in this case, Dr. Barreto designed and oversaw a public opinion survey intended to measure the impact of including a citizenship on the 2020 census questionnaire on the self-response rates of various groups.  As relevant here, that survey asked three questions.  Question 1 (Q1) asked if respondents planned to participate in the census "and submit [their] household information," without mentioning whether the census questionnaire would contain a citizenship question.  Question 2 (Q2) asked those respondents who said yes to Q1 whether they would participate in the census "and submit [their] household information," if the census questionnaire included a citizenship question.  After a series of interim questions about trust and household composition, Question 8 (Q8) then asked those who had said yes to Q1 whether they would participate in the census "and fill out the 2020 Census form," if the census questionnaire included a question on citizenship status and "if the government provides assurances that your information will be kept confidential and ONLY used for purposes of counting the total population and nothing more."  *See* Barreto Decl. ECF No. 99-12 in No. 18-1865, at 75-76.

5.      According to Dr. Barreto, the purpose of Question 8 was to attempt to "mimic' the NRFU operations of the census "in the real world in a condensed telephone interview setting, by allowing some time to pass, and then asking the same subjects their willingness to participate a second or third time."  Barreto Decl., ECF No. 99-12 in No. 18-1865, at 41.  Accordingly, from the rates of positive (Yes) responses to Q8 from among those respondents that said Yes to Q1 and

then No to Q2, Dr. Barreto made some conclusions about the predicted effect of non-response follow-up ("NRFU") in the 2020 census.  Specifically, he concluded, based on the differences in response to Q8 among respondents in different states, that "the presence of a citizenship question will result in a NRFU success rate that is 54.6% lower in California, than if no citizenship question was asked."  *Id.* at 54.

6.      The newly disclosed tables (FRAGA_00166) reveal new information not included in Dr. Barreto's report about the results from the Q8 test, specifically, a breakdown in responses by demographic group for California and for non-California respondents.  This breakdown shows strange anomalies in the results that may cast doubt on the reliability of Dr. Barreto's interpretation and of the survey itself.  For example, in California, 20% of whites answered Yes to Q8 after answering No to Q2 while, outside of California, 54% of whites said Yes to Q8 after answering No to Q2.  Ex. A.  As another example, 14% of non-Latinos in California answered Yes to Q8 after answering No to Q2 while 44% of Latinos in California said Yes to Q8 after answering No to Q2. *Id.*

**Plaintiffs' Failure to Disclose Was not Harmless**

7.      FRCP 37(c)(1) says that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a)…, the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless."  This exclusionary sanction is "'self-executing'" and "'automatic.'"  *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).  Rule 37 "gives teeth" to Rule 26's disclosure requirements and thus gives parties "a strong inducement for disclosure."  *Goodman*, 644 F.3d at 827.  "[T]he burden is on the party facing sanctions to prove harmlessness."  *Yeti by Molly, Ltd.*, 259 F.3d at 1107.

8.      Plaintiffs cannot establish that their failure to disclose the tables was harmless here.  Because these tables were not included with Dr. Barreto's disclosures, Defendants did not have a chance to question Dr. Barreto about these anomalies at his deposition in October or to re-open his deposition later.  They therefore have been deprived of the opportunity to flesh out what may

be a significant flaw in Dr. Barreto's survey.  This material, and any conclusions drawn therefrom, therefore should be excluded.  *See Underpinning & Found. Skanska, Inc. v. Travelers Cas. & Sur. Co.*, 726 F. Supp. 2d 339, 349 (S.D.N.Y. 2010) (precluding undisclosed evidence where no explanation for failure provided, discovery closed in three-year old litigation, opposing party did not have opportunity to depose witness on evidence, and opposing party was prejudiced).

9. This harm from the nondisclosure of the tables is not vitiated by the possibility that Defendants may have been provided with the response data from the survey in "raw" form in various data files served as part of Dr. Barreto's disclosures.  Defendants were never able to open those files, as Plaintiffs were well aware, and, in any event, Rule 26 and the subpoena require production of *all* materials and documents considered by Dr. Barreto and not just one version of material that may exist in several different formats or documents.

10. It also is not sufficient to rebut the evidence of prejudice that Plaintiffs did provide the tables on December 21 (less than three weeks before trial) as part of Dr. Fraga's expert disclosures.  The timing of this disclosure cannot be considered remotely sufficient to enable Defendants to follow up in view of the two national holidays intervening between December 21 and the trial date of January 7.  In any event, the materials were not identified as having originated with *Dr. Barreto* until Defendants' counsel specifically questioned Plaintiffs about the provenance of the tables on January 5, 2019, after Defendants' counsel came to that conclusion on her own.  Therefore, it was not until January 5 that Defendants were able to finally marry up the tables with the expert's analysis (Dr, Barreto) to which they are most pertinent.  This sequence of events also explains why the present motion is being filed out of time.

11. For similar reasons, it is of no moment that Dr. Fraga testified in his deposition that it was "possible" that Dr. Barreto had tables that were not included in his appendix.  *See* Ex. D.  As Dr. Fraga also indicated in the deposition, the data he relied on had been provided in his own disclosures (*see* Ex. B) so there was no need for counsel to resolve the offhand reference to the "possibility" of additional Barreto tables.  And Dr. Fraga's table does not reference Dr. Barreto so

1   it was not at all clear until recently that the data in that table, and whatever anomalies it revealed,

2   originated with Dr. Barreto.

3   **Conclusion**

4       For the foregoing reasons, the Court should consider this untimely motion *in limine* and

5   should grant Defendants' motion and exclude all testimony and evidence of Dr. Barreto pertaining

6   to question 8 of his survey and to any results from that question.

7   Dated: January 7, 2019                    Respectfully submitted,

8                                             JOSEPH H. HUNT
    Assistant Attorney General

9                                             BRETT A. SHUMATE

10      Deputy Assistant Attorney General

11                                            JOHN R. GRIFFITHS
    Director, Federal Programs Branch

12

13                                            CARLOTTA P. WELLS
    Assistant Branch Director

14                                            */s/ Carol Federighi*

15      MARSHA STELSON EDNEY
    Senior Trial Counsel

16      KATE BAILEY
    CAROL FEDERIGHI

17      Trial Attorneys
    United States Department of Justice

18      Civil Division, Federal Programs Branch
    P.O. Box 883

19      Washington, DC 20044
    Tel.: (202) 514-1903

20      Email: carol.federighi@usdoj.gov

21      *Attorneys for Defendants*

22

23

24

25

26

27

28

# EXHIBIT A

| | |
|---|---|
| **From:** | Gabrielle Boutin |
| **To:** | Bailey, Kate (CIV); Federighi, Carol (CIV); Ehrlich, Stephen (CIV); Wells, Carlotta (CIV); Edney, Marsha (CIV); Yeomans, Keith A. |
| **Cc:** | Matthew Wise; Todd Grabarsky |
| **Subject:** | State of California v. Ross - supplemental Fraga production document |
| **Date:** | Friday, December 21, 2018 12:47:58 PM |
| **Attachments:** | FRAGA_00566.pdf |

Kate,

Please find attached a supplemental production document from Dr. Fraga that we inadvertently did not previously produce.  Please note that all of the data in the document was previously disclosed in Fraga production document "FRAGA 00237_ ResponseRates_Scenario2_NRFU.csv."

Regards,

Brie

Gabrielle D. Boutin
Deputy Attorney General
California Department of Justice
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone:  (916) 210-6053
E-mail:  Gabrielle.Boutin@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

Table 15: Percent who said Yes on Q8 if Q1=Yes & Q2=No – California

|  | Estimate | SE | Lower | Upper |
|---|---|---|---|---|
| Full Sample | 0.2966409 | 0.0615155 | 0.1760705 | 0.4172112 |
| Non-Latino | 0.1418026 | 0.0561966 | 0.0316572 | 0.2519479 |
| Latino | 0.4370638 | 0.1014250 | 0.2382709 | 0.6358567 |
| Foreign Born | 0.4479022 | 0.1062351 | 0.2396814 | 0.6561230 |
| US Born | 0.4279232 | 0.1706387 | 0.0934714 | 0.7623750 |
| Asian | 0.0000000 | 0.0000000 | 0.0000000 | 0.0000000 |
| Foreign Born | 0.0000000 | 0.0000000 | 0.0000000 | 0.0000000 |
| US Born | 0.0000000 | 0.0000000 | 0.0000000 | 0.0000000 |
| Black | 0.2966409 | 0.0615155 | 0.1760705 | 0.4172112 |
| White | 0.1993841 | 0.0767383 | 0.0489771 | 0.3497912 |
| Other | 0.0026199 | 0.0024402 | -0.0021629 | 0.0074027 |

Table 16: Percent who said Yes on Q8 if Q1=Yes & Q2=No – Non-California

|  | Estimate | SE | Lower | Upper |
|---|---|---|---|---|
| Full Sample | 0.4928965 | 0.0594801 | 0.3763156 | 0.6094775 |
| Non-Latino | 0.5365985 | 0.0696079 | 0.4001670 | 0.6730300 |
| Latino | 0.3634638 | 0.1027854 | 0.1620045 | 0.5649231 |
| Foreign Born | 0.4730633 | 0.1732567 | 0.1334801 | 0.8126465 |
| US Born | 0.3216129 | 0.1295335 | 0.0677272 | 0.5754985 |
| Asian | 0.0021907 | 0.0031198 | -0.0039241 | 0.0083055 |
| Foreign Born | 0.0039901 | 0.0630410 | -0.1195703 | 0.1275505 |
| US Born | 0.0000000 | 0.0000000 | 0.0000000 | 0.0000000 |
| Black | 0.6215541 | 0.1749581 | 0.2786363 | 0.9644719 |
| White | 0.5464857 | 0.0717276 | 0.4058996 | 0.6870719 |
| Other | 0.7475773 | 0.4322288 | -0.0995912 | 1.5947458 |

FRAGA_00566

# EXHIBIT B

| | |
|---|---|
| **From:** | Gabrielle Boutin |
| **To:** | Bailey, Kate (CIV); Matthew Wise |
| **Cc:** | Federighi, Carol (CIV); Edney, Marsha (CIV); Wells, Carlotta (CIV); Libby, John; Rosenberg, Ezra; Guardado, Ana; Case, Andrew; Yeomans, Keith A.; Noreen Skelly |
| **Subject:** | RE: Supplemental document production on 12/21 |
| **Date:** | Saturday, January 05, 2019 11:38:19 AM |

Yes, these tables originated from Dr. Barreto.  Carol can confirm that at Dr. Fraga's deposition, he identified the tables he used from Dr. Barreto, and that it was determined that this table had not been included in Dr. Barreto's report (and that Dr. Fraga had nevertheless produced in his own production a spreadsheet with the same figures).

---

**From:** Bailey, Kate (CIV) <Kate.Bailey@usdoj.gov>
**Sent:** Friday, January 04, 2019 2:39 PM
**To:** Matthew Wise <Matthew.Wise@doj.ca.gov>
**Cc:** Federighi, Carol (CIV) <Carol.Federighi@usdoj.gov>; Edney, Marsha (CIV) <Marsha.Edney@usdoj.gov>; Wells, Carlotta (CIV) <Carlotta.Wells@usdoj.gov>; Libby, John <jlibby@manatt.com>; Rosenberg, Ezra <erosenberg@lawyerscommittee.org>; Guardado, Ana <AGuardado@manatt.com>; Case, Andrew <ACase@manatt.com>; Yeomans, Keith A. <kyeomans@dwkesq.com>; Gabrielle Boutin <Gabrielle.Boutin@doj.ca.gov>; Noreen Skelly <Noreen.Skelly@doj.ca.gov>
**Subject:** Supplemental document production on 12/21

Counsel,

Attached is a file you provided to us on December 21 as a document relied upon by Dr. Fraga and inadvertently omitted from your earlier production of materials in response to our subpoena. Can you please advise as to where this document comes from? It appears to be data from Dr. Barreto's survey; indeed, the table numbers correspond sequentially to the last tables included in Dr. Barreto's expert report, but the tables were neither included in his report nor the documents produced in response to our subpoena to Dr. Barreto. Can you please confirm whether these tables did, in fact, originate with Dr. Barreto, and if not, where they came from?

Thank you,

**Kate Bailey**
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
202.514.9239 | kate.bailey@usdoj.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended

recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT C

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| State of California, et al., | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.   3:18-cv-01865 & 5:18-cv-02279 |
| Wilbur L. Ross, Jr., et al., | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Matthew A. Barreto

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: U.S. Attorney's Office, Central Dist. of Cal., 312 N. Spring St., Ste. 1200, Los Angeles, CA 90012, or by email or mail to undersigned counsel | Date and Time: <br><br> 09/28/2018 10:00 am |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/24/2018

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | s/ Garrett Coyle |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_    Defendants
U.S. Department of Commerce et al.                , who issues or requests this subpoena, are:

Garrett Coyle, 1100 L Street NW, Washington, DC 20005; garrett.coyle@usdoj.gov; (202) 616-8016

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:18-cv-01865 & 5:18-cv-02279

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*

                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment A

1. All documents and materials you relied on, used, or considered in developing your opinions in this case;

2. all professional or scientific literature, studies, or memoranda supporting any of the opinions you intend to offer at trial;

3. all documents identifying your fee for services rendered in this case;

4. all documents describing your time spent developing opinions in this case, including, but not limited to, all invoices, statements, and bills regarding services rendered in this case;

5. all books, papers, articles, treatises, or other publications you have authored; and

6. a current copy of your curriculum vitae.

# EXHIBIT D

# In the Matter Of:

## STATE OF CALIFORNIA vs WILBUR L. ROSS, JR.

3:18-cv-01865 and 5:18-cv-02279

---

## BERNARD L. FRAGA, PH.D.

*October 17, 2018*

---



800.211.DEPO (3376)
EsquireSolutions.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA


STATE OF CALIFORNIA, et al.,

     Plaintiffs,              CASE NO.
                                 3:18-cv-01865 and
 vs.                         5:18-cv-02279

WILBUR L. ROSS, JR., et al.,

     Defendants.


The deposition upon oral examination of

BERNARD L. FRAGA, Ph.D., a witness produced and sworn

before me, Paula A. Morgan, Notary Public in and for

the County of Hamilton, State of Indiana, taken on

the 17th day of October, 2018, in the United States

Attorney's Office, 10 West Market Street, Suite 2100,

Indianapolis, Marion County, Indiana, pursuant to the

Federal Rules of Civil Procedure.  This deposition

was taken on behalf of the Defendants in the

above-captioned matter.



1          recreate what you --

2    A    Just a moment.  I'm finding the specific part of my

3          report.  I believe it's earlier on I outline, quite

4          specifically, what I do to form Scenario B.  Yes, in

5          Section 5.12, page 12, I describe Scenario B.

6    Q    Right.  Correct.  But where did you get the numbers

7          that you used for Scenario B?  I don't think it says

8          in your report, so I'm just asking if you can

9          recollect where it came from.

10   A    Those numbers were also provided by Dr. Barreto.

11         MS. BOUTIN:  Do you want to know which table?

12   Q    Yes.  If you can identify a particular table, that

13         would be helpful.

14   A    So, again, I haven't reviewed the entire report,

15         but -- and I don't have the table directly in front

16         of me.

17   Q    So it's possible it was a different table that's not

18         included in his appendix that he provided you?

19   A    It's possible.  But to clarify that comment, the

20         figures that were used, the table and the results

21         that were used, were provided in my -- in the

22         materials I provided along with the report.

23   Q    That may be -- I was maybe not able to isolate it, so

24         I will take another look at that.  Thank you.

25   A    Sure.



```
 1   STATE OF INDIANA    )
                         )    SS:
 2   COUNTY OF HAMILTON  )

 3


 4        I, Paula A. Morgan, Notary Public in Hamilton
     County, Indiana, do hereby certify that the deponent
 5   was, by me, sworn to tell the truth in the
     aforementioned matter;
 6        That the deposition was taken on behalf of the
     Defendants at the time and place heretofore mentioned
 7   with counsel present as noted;
          That the deposition was taken down by means of
 8   Stenograph notes, reduced to typewriting under my
     direction and is a true record of the testimony given
 9   by said deponent and was thereafter presented to the
     deponent for signature.
10        I do further certify that I am a disinterested
     person in this cause of action; that I am not a
11   relative or attorney of any of the parties or
     otherwise interested in the event of this action and
12   am not in the employ of the attorneys for the
     respective parties.
13
          IN WITNESS HEREOF, I have hereunto set my hand
14   and affixed my notarial seal this 22nd day of
     October, 2018.
15

16

17

18        _____
          Paula A. Morgan, Notary Public
19

20   County of Residence:  Hamilton

21   My Commission expires:  October 9, 2024

22

23

24

25
```



```
 1   Reference No.: 2949500

 2

 3   Case:  STATE OF CALIFORNIA vs WILBUR L. ROSS, JR.

 4

           DECLARATION UNDER PENALTY OF PERJURY

 5

          I declare under penalty of perjury that

 6   I have read the entire transcript of my Depo-

     sition taken in the captioned matter or the

 7   same has been read to me, and the same is

     true and accurate, save and except for

 8   changes and/or corrections, if any, as indi-

     cated by me on the DEPOSITION ERRATA SHEET

 9   hereof, with the understanding that I offer

     these changes as if still under oath.

10

11   _____

12           Bernard L. Fraga, Ph.D.

13

14           NOTARIZATION OF CHANGES

15                (If Required)

16

17   Subscribed and sworn to on the _____ day of

18

19   _____, 20____ before me,

20

21   (Notary Sign)_____

22

23   (Print Name)                    Notary Public,

24

25   in and for the State of _____
```



BERNARD L. FRAGA, PH.D.
STATE OF CALIFORNIA vs WILBUR L. ROSS, JR.

October 17, 2018
103

1    Reference No.: 2949500

     Case:  STATE OF CALIFORNIA vs WILBUR L. ROSS, JR.

2

3    Page No.23    Line No.24    Change to: _____

4    I'm trying to clarify "set forth in the report." Is it

5    Reason for change:Incorrect stenography

6    Page No.27    Line No.1    Change to: _____

7    form of undercount that I was interested in that

8    Reason for change: Incorrect stenography

9    Page No.45    Line No.25    Change to: _____

10   sentence, "it requires all households to list." So I'm

11   Reason for change:Incorrect stenography

12   Page No.50    Line No.2    Change to: _____

13   is "yes, will participate" -- to question 1, no longer

14   Reason for change: Incorrect stenography

15   Page No.56    Line No.4    Change to: _____

16   But if we think that, it is plausible that the

17   Reason for change:Incorrect stenography

18   Page No.62    Line No.5    Change to: _____

19   Section 5.1.2, page 12, I describe Scenario B.

20   Reason for change: Incorrect stenography

21   Page No.76    Line No.10    Change to: _____

22   different demographic groups, by race, ethnicity, some

23   Reason for change:Incorrect stenography

24

     SIGNATURE:           DATE:11/17/2018

25   Bernard L. Fraga, Ph.D.

BERNARD L. FRAGA, PH.D.                                          October 17, 2018
STATE OF CALIFORNIA vs WILBUR L. ROSS, JR.                              104

 1   Reference No.: 2949500
     Case:  STATE OF CALIFORNIA vs WILBUR L. ROSS, JR.
 2
 3   Page No. 77___ Line No. 13___ Change to:_____
 4   Population Estimates Program estimates. The ACS
 5   Reason for change: Incorrect stenography_____
 6   Page No._____ Line No._____ Change to:_____
 7   _____
 8   Reason for change:_____
 9   Page No._____ Line No._____ Change to:_____
10   _____
11   Reason for change:_____
12   Page No._____ Line No._____ Change to:_____
13   _____
14   Reason for change:_____
15   Page No._____ Line No._____ Change to:_____
16   _____
17   Reason for change:_____
18   Page No._____ Line No._____ Change to:_____
19   _____
20   Reason for change:_____
21   Page No._____ Line No._____ Change to:_____
22   _____
23   Reason for change:_____
24
     SIGNATURE:_____ DATE: 11/17/2018
25   Bernard L. Fraga, Ph.D.

