JOSEPH H. HUNT
Assistant Attorney General
CARLOTTA P. WELLS
Assistant Director
MARSHA STELSON EDNEY
Senior Trial Counsel
KATE BAILEY
CAROL FEDERIGHI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC  20005
Tel.: (202) 514-4520
Email: marsha.edney@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| City of San Jose, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILBUR L. ROSS, JR., *et al.*,<br><br>Defendants. | Civil Action No. 3:18-cv-02279-RS<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**<br><br>Judge: Hon. Richard Seeborg |

Defendants United States Department of Commerce, Wilbur L. Ross, Jr., in his official capacity as Secretary of Commerce, Census Bureau, and Ron S. Jarmin, in his official capacity as performing the non-exclusive functions and duties of the Director of the Census Bureau, hereby submit objections to Plaintiffs' Request for Judicial Notice

Plaintiffs have requested that the Court take judicial notice under Federal Rule of Evidence 201(b) of 14 facts and 5 documents. FRE 201 "permits a court to take judicial notice of adjudicative facts 'not subject to reasonable dispute.'" *United States v. Chapel,* 41 F.3d 1338, 1342 (9th Cir.1994). An adjudicative fact is one that is at issue in the particular case, where judicial notice of that fact will dispense with the need to present other evidence to prove that fact. *Korematsu v. U.S.,* 584 F.Supp. 1406, 1414 (N.D.Cal.1984); Advisory Notes to Fed.R.Evid. 201 ("Adjudicative facts are simply the facts of the particular case."). Because taking judicial notice of adjudicative facts dispenses with traditional methods of proof, a court should take notice of only facts which are "beyond reasonable controversy." *U.S. v. Jaimes,* 297 F.Supp.2d 1254, 1256 (D.Haw.2003). Moreover, judicial notice is only appropriate if, among other things, "the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2015 WL 4967535, at *4 (N.D. Cal. Aug. 20, 2015) (quoting *Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1038 (9th Cir. 2010)

Plaintiffs request that the Court take judicial notice of 14 different facts consisting of various demographic information regarding the State of California, the City of San Jose and other cities in California. Yet Plaintiffs have not established that any of these facts are relevant to the issues in this lawsuit or how these facts will be used in this litigation. Thus, Defendants object to the Court taking notice of these 14 facts on relevance grounds, especially facts 7-10 and 12-14, which involve facts about various cities in California, not just Plaintiffs in this case. Moreover, these facts appear to be the same facts which Plaintiffs attempted to get into evidence through the trial declaration of Dr.

Reamer and which were withdrawn upon Defendants' objections. Defendants oppose Plaintiffs using the mechanism of judicial notice in order to now have these facts "admitted."[1]

Plaintiffs also request that the Court take notice of 5 documents. For the same reasons as stated above, Defendants also oppose Plaintiffs' request that the Court take judicial notice of all 5 of these documents. Plaintiffs have failed to explain the relevance or purpose for the Court to take judicial notice of any of these documents.  The mere fact that these documents appear on government websites – which is the only justification provided -- does not automatically permit the Court to take judicial notice. *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018) (rejecting notion that a document is judicially noticeable simply because it appears on a publicly available website). While the court can take notice that such documents exist, the court cannot take judicial notice of the contents of the documents for the truth of the facts asserted therein. *See Illumina, Inc. v. Ariosa Diagnostics, Inc.,* No. CV 14–01921 SI, 2014 WL 3897076, *5 (N.D.Cal. Aug.7, 2014) ("It is improper for a court to take judicial notice of an exhibit for the truth of the matters asserted therein"); *Jackson v. City & Cty. of San Francisco*, No. C 09-2143 RS, 2012 WL 3580525, at *3 (N.D. Cal. Aug. 17, 2012)(denying judicial notice of exhibits offered to prove the truth of the matters asserted therein, is improper); *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (judicial notice cannot be used "to prove the truth of documents' contents"); *see also Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018) (a court cannot take judicial notice of disputed facts contained in public records). The documents identified as Exs. 3-5 also appear to be information that Plaintiffs failed to get into evidence through Dr. Reamer's trial affidavit and should

---

[1] Defendants do not dispute that facts 1-6 and 11 are the type of facts that can be judicially noticed under FRE 201(b).

3

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL DECLARATIONS – No. 3:18-cv-02279-RS

not be admitted through judicial notice.[2] The Court should not take judicial notice of the documents identified at Exs. 6 and 7 These are two FEMA manuals which are 62 pages and 129 pages respectively; FRE 201 does not permit the Court to take judicial notice of the contents of these documents, and it is unclear how taking judicial notice of the existence of these two manuals is relevant to any of the issues in this case.

In sum, Plaintiffs request for judicial notice of 14 facts and 5 documents should be denied

Date:  January 11, 2019               Respectfully submitted,

JOSEPH H. HUNT
Acting Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Director

  /s/ Marsha Stelson Edney
MARSHA STELSON EDNEY
Senior Trial Counsel
KATE BAILEY
CAROL FEDERIGHI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 514-4520
Email: marsha.edney@usdoj.gov

*Attorneys for Defendants*

---

[2] Exs. 3 and 4 consist of demographic data which a court could take judicial notice under 201 if the Court finds the facts relevant to the case.

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' TRIAL DECLARATIONS – No. 3:18-cv-02279-RS